# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | | |
|---|---|---|
| **LESTER CHARLES WILSON,** | ] | |
| Plaintiff, | ] | |
| v. | ] | 1:19-cv-01372-ACA |
| **JUDGE RYAN RUMSEY, et al.,** | ] | |
| Defendants. | ] | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff Lester Charles Wilson's motion for entry of default. (Doc. 15).  For the reasons set out below, the court **DENIES** the motion for default.  The court also *sua sponte* **DISMISSES** Defendants Judge Ryan Rumsey, Steve Giddens, Laurie Andrikeski, and Chris Vinson **WITHOUT PREJUDICE** based on Mr. Wilson's failure to serve them by the deadline imposed by the court. The court **ORDERS** Defendant Judge Jeb Fannin to **SHOW CAUSE**, in writing, **on or before October 9, 2020**, why the court should not enter default against him.

In August 2019, Mr. Wilson filed this case against Judge Rumsey, Mr. Giddens, Ms. Andrikeski, Mr. Vinson, Judge Fannin, and Jimmy Kilgore. (Doc. 1).  In December 2019, the court denied Mr. Wilson's motion to proceed *in forma pauperis* but reduced the filing fee to $100.  (Doc. 7).  Mr. Wilson paid the $100 filing fee that month.

By April 2020—eight months after filing the case, and four months after paying the reduced filing fee—Mr. Wilson had taken no other action in this case. The court accordingly ordered him to show cause why it should not dismiss this case for his failure to prosecute. (Doc. 8). After Mr. Wilson filed a response to that order (doc. 9), the court held a telephone conference with him and ordered him to serve process on the defendants by June 30, 2020. (Doc. 11). The court specifically instructed Mr. Wilson that failure to serve the defendants "will result in dismissal of this case without prejudice." (*Id.*).

Four days before the deadline, Mr. Wilson sought and the Clerk issued summonses for each of the defendants. (Doc. 12). On July 1, 2020, Mr. Wilson filed returns of service for each defendant, indicating that they had been served on June 29, 2020. (Doc. 13). The return of service for Judge Rumsey is signed by someone named Natalia Eatmon, but it does not indicate how service was completed (*i.e.*, by personal service, by service on a person of suitable age and discretion then residing in the defendant's abode, or by service on an agent authorized to receive service of process). (Doc. 13 at 10). The returns of service for Mr. Giddens, Ms. Andrikeski, Mr. Vinson, and Mr. Kilgore are also signed by Ms. Eatmon and indicate that service was completed by service on an agent authorized to receive service of process. (Doc. 13 at 5, 8, 12, 14). None of the returns of service indicate the name, capacity, or office of the agent (*id.*), although an attachment to the return

2

for Mr. Kilgore states, on Talladega County Sheriff's Office letterhead, that Mr. Wilson "left a copy of his complaint for Sheriff Kilgore 06/29/2020." (*Id.* at 6).

Finally, the return of service for Judge Fannin, also signed by Ms. Eatmon, does not indicate how the summons was served (doc. 13 at 2), but does attach a sheet of paper on Judge Fannin's judicial letterhead, with the typed sentence: "I, Judge Jeb Fannin, received the copy of the lawsuit filed by Lester Wilson this the 29th day of June 2020 at 11:41 a.m." (*Id.* at 3). The attachment has no signature. (*Id.*).

If service was properly completed on June 29, Defendants' answers would have been due on or before July 20, 2020. *See* Fed. R. Civ. P 12(a)(1)(A)(i). On August 17, 2020, with no activity on the docket, the court ordered Mr. Wilson to show cause why the case should not be dismissed for his failure to prosecute it. (Doc. 14). On the day the court entered that order, Mr. Wilson moved for entry of default. (Doc. 15). The motion for default stated that his neighbor served Defendants with copies of the summons and complaint on June 29, 2020. (*Id.* at 2).

Mr. Wilson also filed a response to the court's show cause order. (Doc. 16). In that response, he asserts that his house burned down and he is now homeless, he has been hospitalized for various disorders and illnesses, he is unfamiliar with the law, and the library employee who had been helping him with his case no longer works there. (*Id.* at 1–2). He further states in a conclusory manner that the Talladega Sheriff's Office and the Sylacauga Clerk's Office refused service. (*Id.* at 4).

In September 2020, Mr. Kilgore appeared and filed a motion to dismiss. (Doc. 17). But, noting that the motion to dismiss was untimely, the court ordered all Defendants to show cause why the court should not grant entry of default.[1] (Doc. 19). Five of the defendants filed a response opposing the entry of default (docs. 20–22), and one did not respond.

### 1. Mr. Vinson, Mr. Giddens, and Judge Rumsey

Mr. Vinson, Mr. Giddens, and Judge Rumsey contend that service on them was insufficient. (Doc. 20; Doc. 22 at 2–3). Mr. Vinson and Mr. Giddens further allege that they did not receive notice of this lawsuit until the court ordered them to show cause why default should not be entered. (Doc. 20; Doc. 22 at 3).

The court agrees with Mr. Vinson, Mr. Giddens, and Judge Rumsey that Mr. Wilson has not properly served them. The returns of service for Mr. Vinson and Mr. Giddens indicate that the process server served their "agents," but gives no information about the name, capacity, and address of those agents. (Doc. 13 at 8, 14). The return of service for Judge Rumsey does not indicate the form of service at all. (*Id.* at 10). Mr. Wilson's motion for default does not remedy those omissions. (*See* Doc. 15). Accordingly, the court **DENIES** the motion for entry of default.

---

[1] The court's order indicated that Mr. Wilson was seeking a default judgment. (Doc. 19 at 1). As a result, Defendants' responses oppose entry of default judgment, instead of the Clerk's entry of default. (*See* Docs. 20–22). However, the court's statement was in error: Mr. Wilson seeks a default, not a default judgment. (*See* Doc. 15).

In addition, the court finds that dismissal of these defendants is appropriate. Federal Rule of Civil Procedure 4 provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In this case, Mr. Wilson filed the complaint in August 2019 and paid the reduced filing fee in December 2019. In April 2020, the court notified Mr. Wilson of his obligation to serve each of the defendants, and in May 2020, the court extended the deadline imposed by Rule 4(m) until June 30, 2020. (Doc. 11). The court expressly warned Mr. Wilson that failure to serve the defendants by that date would result in dismissal of the case. (*Id.*). Yet Mr. Wilson's returns of service do not establish that service has been completed (*see* doc. 13), and Mr. Wilson's motion for default and response to the court's show cause order also fail to establish proper service (*see* docs. 15, 16). Mr. Wilson has had multiple opportunities to establish that service was proper, and has not done so. The court finds that service on Mr. Vinson, Mr. Giddens, and Judge Rumsey was insufficient.

The court also finds that Mr. Wilson has not established good cause for his failure to perfect service within the time period set by the court. Mr. Wilson's response describes very difficult personal circumstances. (*See* Doc. 16). But

5

Mr. Wilson did not perform service himself; he hired his neighbor to do it for him. (*See* Doc. 15 at 2). Nor did he seek another extension of time from the court. The court acknowledges that Mr. Wilson states that "clerks" at the Talladega County Sheriff's Office and the Sylacauga Clerk's Office "would not [accept] Plaintiff's legal papers and truly their conduct was very argumentative." (Doc. 16 at 4). Given the facts described above, this conclusory and general statement about unidentified people is insufficient to show that Mr. Vinson, Mr. Giddens, and Judge Rumsey are avoiding service.

Because Mr. Wilson has not completed service on Mr. Vinson, Mr. Giddens, and Judge Rumsey by the court's deadline, the court **DISMISSES** them as defendants **WITHOUT PREJUDICE**.

2. Ms. Andrikeski

Ms. Andrikeski did not file a response to this court's show cause order. However, the court cannot grant Mr. Wilson's motion for default against her. The return of service for her indicates that the process server served an "agent," but—like the others—it does not identify the name, capacity, and address of that agent (doc. 13 at 12), and Mr. Wilson's other filings do not remedy that deficiency. Like defendants discussed above, the court finds dismissal of Ms. Andrikeski appropriate based on Mr. Wilson's failure to timely complete service.

Accordingly, the court **DENIES** Mr. Wilson's motion for a default against Ms. Andrikeski. The court **DISMISSES** Ms. Andrikeski as a defendant **WITHOUT PREJUDICE**.

3. Mr. Kilgore

Mr. Kilgore's response to the court's show cause order argues that default judgment is inappropriate because (1) Mr. Wilson has not yet acquired a Clerk's default; (2) Mr. Kilgore has defended himself by filing a motion to dismiss; and (3) default judgment is inappropriate where the allegations in the complaint do not state a claim. (Doc. 21). The court notes that Mr. Kilgore argues about the propriety of default *judgment*, presumably because this court mistakenly described Mr. Wilson's motion as one for default judgment instead of entry of default.

Because Mr. Wilson is moving for entry of default, not for entry of default judgment, Mr. Kilgore's first argument is inapposite: the court cannot deny a request for default on the basis that Mr. Wilson has not yet acquired a default. Mr. Kilgore's second argument ignores the fact that Mr. Kilgore, without seeking or acquiring the court's permission to do so, filed his motion to dismiss over a month after his responsive pleading was due. And his third argument relates to the propriety of default judgment, but the court cannot deny entry of a default on the basis that default judgment is inappropriate.

7

Nevertheless, the court finds entry of default against Mr. Kilgore inappropriate. For one thing, whether service on him was proper remains unclear. The return of service indicates that the process server served an agent of Mr. Kilgore, but does not identify the name, capacity, or address of the agent. (Doc. 13 at 5). And the statement on Mr. Kilgore's letterhead that Mr. Wilson "left a copy of his complaint for Sheriff Kilgore 06/29/2020" does not cure the deficiencies of the return or otherwise satisfy the requirements for proper service. (*See id.* at 6). Because it is unclear whether service on Mr. Kilgore was proper, the court cannot enter a default against him.

But the court need not inquire further into whether service was proper, because Mr. Kilgore has waived any challenge to the adequacy of service by filing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1316 (11th Cir. 1990) (stating that a defendant "failed to raise an objection [to the adequacy of service] in its pre-answer motion to dismiss and therefore waived its [insufficient service] defense"). Moreover, even if Mr. Wilson had proved that service on Mr. Kilgore was proper and the court entered a default against Mr. Kilgore, the court would have to consider the arguments made in Mr. Kilgore's motion to dismiss when ruling on either a motion to set aside the default or a motion for default judgment. *See Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("[A] defendant's default does not in

itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered.") (footnote omitted).[2]

Given the circumstances, the court finds it appropriate to deny Mr. Wilson's motion for default and allow Mr. Kilgore's late filing of the motion to dismiss. Accordingly, the court **DENIES** Mr. Wilson's motion for entry of a default against Mr. Kilgore. The court will enter a separate briefing schedule on the motion to dismiss.

### 4. Judge Fannin

Judge Fannin objects to the entry of default on the basis that service on him was insufficient. (Doc. 22 at 2). Like the other defendants, the return of service for Judge Fannin does not adequately set out how service was performed: it gives a date and has the process server's signature, but it does not indicate whether how service was performed. (Doc. 13 at 2). However, Mr. Wilson attached to the return a document on Judge Fannin's judicial letterhead, which states: "I, Judge Jeb Fannin, received the copy of the lawsuit filed by Lester Wilson this the 29th day of June 2020 at 11:41 a.m." (*Id.* at 3). With respect to that document, Judge Fannin states: "although there is an acknowledgement of having received a copy of the lawsuit,

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

said acknowledgement does not suggest or concede that Judge Fannin understands or agrees that he was properly served with said lawsuit." (Doc. 22 at 2).

On this record, the court cannot determine whether entry of default is appropriate. On the one hand, the return of service does not adequately indicate how service was performed. On the other hand, Mr. Wilson has submitted a document that, if accepted, would show that the process server served Judge Fannin personally. Although Judge Fannin asserts that nothing in the document "suggest[s] or concede[s] that Judge Fannin understands or agrees that he was properly served," Judge Fannin's express acknowledgement of proper service is not required, if Mr. Wilson (or his process server) did in fact personally serve Judge Fannin. *See* Fed. R. Civ. P. 4(e)(2) (permitting service by "delivering a copy of the summons and of the complaint to the individual personally").

Because it is unclear from Judge Fannin's response to the court's show cause order whether he contests the authenticity of the attachment, the court **ORDERS** Judge Fannin to **SHOW CAUSE**, in writing, **on or before October 9, 2020,** why the court should not grant Mr. Wilson's motion for entry of default.

**DONE** and **ORDERED** this October 5, 2020.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE