# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **LESTER CHARLES WILSON,** ] | |
| ] | |
| **Plaintiff,** ] | |
| ] | |
| v. ] | **1:19-cv-01372-ACA** |
| ] | |
| **JUDGE RYAN RUMSEY, et al.,** ] | |
| ] | |
| **Defendants.** ] | |

## **MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiff Lester Charles Wilson's motion for entry of default. (Doc. 15). The court has already denied the motion with respect to Defendants Judge Ryan Rumsey, Steve Giddens, Laurie Andrikeski, Chris Vinson, and Jimmy Kilgore. (Doc. 25). But, because it was unclear whether service on Defendant Judge Jeb Fannin was proper, the court ordered Judge Fannin to show cause why it should not enter a default against him. (*Id.*).

Judge Fannin responds that the court should not enter default because he was not properly served with the complaint. (Doc. 27 at 1–27). In support of that contention, he points out that the summons has the wrong address for him, and the return of service does not adequately describe how service was perfected. (*Id.* at 2). Judge Fannin acknowledges that Mr. Wilson filed a document on Judge Fannin's judicial letterhead with a typed statement "I, Judge Jeb Fannin, received the copy of

the lawsuit filed by Lester Wilson this the 29th day of June 2020 at 11:41 a.m." (*Id.* at 3; *see* Doc. 13 at 3).  Judge Fannin states in his unsworn response that neither he nor his assistant remember this acknowledgement or having been served, but he "cannot represent with 100% certainty that the filed acknowledgement form is not authentic."  (Doc. 27 at 3).  He does not submit any evidence that service was improper, although he states in a footnote that "[t]his response will be supplemented with a sworn affidavit or declaration by Judge Fannin if this court should deem it necessary or appropriate."  (Doc. 27 at 2 n.1).

Federal Rule of Civil Procedure 4 provides methods for service.  One method is to "deliver[ ] a copy of the summons and of the complaint to the individual personally."  Fed. R. Civ. P. 4(e)(2)(A).  "[P]roof of service must be made to the court.  Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit."  Fed. R. Civ. P. 4(l)(1).  But "[f]ailure to prove service does not affect the validity of service.  The court may permit proof of service to be amended."  Fed. R. Civ. P. 4(l)(3).

Here, Mr. Wilson's process server submitted an affidavit sworn under penalty of perjury, and attached a document purporting to be from Judge Fannin in which he acknowledges being personally served with the complaint.  (Doc. 13 at 2–3).  Judge Fannin has not contested the authenticity of the document, although his unsworn response to the court's show cause order indicates that he does not

2

remember writing the statement. Accordingly, Mr. Wilson has proved personal service on Judge Fannin on June 29, 2020. *See* Fed. R. Civ. P. 4(l)(3). Judge Fannin's responsive pleading was therefore due on July 20, 2020, *see* Fed. R. Civ. P. 12(a)(1)(A)(i), but he did not timely file it.

Judge Fannin argues that even assuming proper service, the court should not enter a default because his failure to file a responsive pleading amounts to excusable neglect, and the court should permit him to file an untimely response to the complaint. (Doc. 27 at 5–6). If the court entered default and Judge Fannin moved to set aside the default for good cause, the court would grant that motion. *See* Fed. R. Civ. P. 55(c) ("The court may set aside an entry of default for good cause."); *Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996) ("Courts have considered whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense" as well as "whether the defaulting party acted promptly to correct the default").

Judge Fannin has now appeared in the case and is prepared to file a responsive pleading. Entering a default just to require a motion to set aside the default would be a waste of resources. In the particular circumstances presented by this case, the court finds that good cause exists to deny the motion for entry of a default and to permit Judge Fannin to file an untimely responsive pleading. Accordingly, the court

**DENIES** Mr. Wilson's motion for entry of default and **ORDERS** Judge Fannin to file a responsive pleading **on or before October 27, 2020**.

**DONE** and **ORDERED** this October 14, 2020.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE